# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **Case No. 04-CR-21**

**-vs-**

**STEVEN E. WHITING,**

        **Defendant.**

## ORDER

      Defendant Steven E. Whiting ("Whiting"), moves the Court pursuant to 18 U.S.C. § 3143(b)(1), for continued release on bond pending appeal to the United States Court of Appeals for the Seventh Circuit of his convictions rendered by a jury in this Court on May 16, 2005. Whiting was found guilty of Counts One, Three, Five through Nine and Counts Four, Ten, and Thirteen of the superseding indictment. Whiting argues that his appeal will raise "substantial question[s] of law or fact likely to result in" reversal and either an order for a new trial or a sentence of imprisonment below that period of time required to litigate his appeal. The government opposes Whiting's motion.

## STANDARD OF LAW

      18 U.S.C. 3143(b)(1) requires that a defendant be detained pending his appeal unless a judge finds:

    (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -

(i) reversal,
(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

## Risk of Danger of Flight

Whiting does not represent either a threat to flee or a danger to the community.[1] This is conceded by the government and the Court will decide whether Whiting has met the other factors in the statute.

The Seventh Circuit has prescribed a two-step process in determining whether a defendant presents a substantial question of law or fact likely to result in reversal or an order for a new trial. First, the Court must "determine whether the appeal presents a substantial question of law or fact." *United States v. Bilanzich*, 771 F.2d 292, 299 (7th Cir. 1985). Second, the Court must "determine whether, assuming that the question is decided in the defendant's favor, the Appellate Court is more likely than not to reverse the conviction or order a new trial. . . ." Id.; see also *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985).

---

[1] See, e.g., *United States v. Burnom*, 1993 WL 291874, at \*\*2 (N.D. Ill. July 30, 1993) (Williams, J.) (Defendant's successful release on bond prior to appeal supports finding of no flight risk or danger).

-2-

**Substantial Question of Law or Fact**

A "substantial" question is "a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); The Seventh Circuit adopted the standard announced in *Giancola* in *United States v. Molt*, 758 F.2d 1198 (7th Cir. 1985). Whether an issue is substantial "is not capable of a precise definition, but must be left to a case-by-case determination." *United States v. Bilanzich*, 771 F.2d 292, 299 (7th Cir. 1985).

**Likelihood of Reversal**

Once a substantial question of law or fact is established the Court must decide whether the question is likely to result in reversal, a new trial, or a sentence involving either no term of imprisonment or a term less than the time expected to litigate the appeal. 18 U.S.C. § 3143(b)(1)(B)(i)-(iv).

The word "likely" is to be given its common meaning or "more probably than not." *Bilanzich* at 258.

**Analysis**

Mr. Whiting raises essentially two major issues on appeal that he argues are substantial and likely to result in either a new trial or a significantly reduced sentence. Whiting first argues that employee contributions that were deducted from employee paychecks, but were not forwarded to the health insurance provider or administrator, do not constitute "*assets of* any employee welfare benefit plan or employee pension benefit plan" as required by 18 U.S.C. § 664 (emphasis added). Because of this, Counts One through Three and Five through Nine of the superseding indictment should have been dismissed. At minimum it "raises a substantial question of law" within the meaning of 18 U.S.C. § 3143(b)(1)(B).

Supporting this conclusion, argues Whiting, is the absence of Seventh Circuit precedent, and "the novelty of the Government's theory". In addition, he emphasizes that "ERISA itself does not define what constitutes an asset of an ERISA fund."

Whiting has failed to carry his burden that this presents a substantial question of law. The issue may come near to "close," but it is not close enough to present a <u>substantial</u> question of law likely to result in a reversal, new trial, or the requisite lesser sentence. The Court concurs with the government that the greater weight of relevant authority holds that employee funds deducted from payroll are plan assets under ERISA. Logic and the relevant law dictate that funds earned and owned by any employee, once taken from that employee by the employer by way of deduction (for either a health care or 401K plan) are plan assets (i.e., assets of an employee welfare benefit plan or employee pension benefit plan") as contemplated by 18 U.S.C. § 664.

No discretion exists for the employee to use those funds for any other purpose once the deduction is taken because those funds at the time of deduction are dedicated to the respective plans. It follows that no discretion exists with the employer to do anything but credit the deductions to the plan or plans. At that stage the employer, in this case Whiting, "must use them solely in the interest of the participants or beneficiaries "29 U.S.C. § 104 (a)(1). These are plan assets, that if used for any other purpose by the employer expose the employer to the charge of conversion.

Whiting argues that there is a different test that could be and could have been applied to determine whether these deductions were or were not plan assets and that because of that alternative test this could have been decided the other way. It all rests in the "legal approach" a Court wishes to take in these cases. Because a different legal approach could have resulted in a different conclusion, a substantial question of law exists. Whiting posits an

approach that looks at the "terms of the agreement under which the obligation to pay the contributions arise" which is opposed to the more "general rule that contributions owed but not delivered are plan assets."[2] The Court saw no agreement, heard any evidence, or listened to any argument that altered the application of the general rule. In the absence of such challenge the bulk of the relevant authority holds that once a deduction is made from an employee's paycheck for purposes of a health or retirement plan those deductions become plan assets. No discretion is possessed by the employer to decide the time when those deductions are to be placed in the funds/plans or the amount to be placed therein. The fact that at some time and place and under certain circumstances an agreement may exist which had the authority/weight to counter the general rule does not raise a substantial question of law as to this Court's application of the general rule in this case.

The second argument made by Whiting is that the Court erred in admitting substantial wealth evidence, i.e., a substantial issue of law is raised because of the unfair prejudice produced by those admissions which is likely to result in a new trial. The Court found that the evidence was relevant and properly admitted. All relevant evidence is prejudicial and this evidence did not rise to the level of unfair prejudice that would merit a new trial or raise a substantial likelihood that a new trial would result. Even in the absence of this evidence, the remaining evidence as to Whiting's guilt relative to his conversion of plan assets and false statements was overwhelming.

Third, Whiting argues that the Court erred in its calculation of loss. The Count finds that it rendered a correct application of Guideline Note 3(A) of the Sentencing Guidelines in determining the loss amount. In any event any disagreement over the loss amount does not rise to the level where a substantial question of law is created.

---

[2] The Court notes that these different legal approaches relate primarily to the question of how to treat employer contributions not employee contributions.

For the foregoing reasons, Whiting's request for a continuation of bond pending appeal is denied.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2006.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**